**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VA BENE TRIST, LLC, a Nevada limited liability company, | No. 12-15169 |
| Appellant, | D.C. No. 2:11-cv-00977-NVW |
| v. | MEMORANDUM[*] |
| WASHINGTON MUTUAL BANK; et al., | |
| Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted February 12, 2014
San Francisco, California

Before: CALLAHAN and M. SMITH, Circuit Judges, and KORMAN, Senior
District Judge.[**]

Va Bene Trist, LLC (VBT) challenges various aspects of the bankruptcy

judge's order finding that Washington Mutual Pass-Through Certificates WMALT

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

Series 2006-8 Trust (WMALT), held a valid lien on real property owned by VBT (the Ranch), and that JPMorgan Chase Bank, N.A. (Chase, and, together with WMALT, Claimants), could enforce that lien as the servicer of WMALT. VBT challenges: (1) several evidentiary rulings made by the bankruptcy judge; (2) the finding that Chase and WMALT had standing to enforce the lien; (3) the finding that Chase and WMALT held a valid lien on the Ranch; and (4) the finding that WMALT and Chase had timely filed proofs of claim. Because the parties are familiar with the facts and procedural history of these cases, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

## DISCUSSION

### A. Evidentiary Challenges

VBT challenges the bankruptcy judge's decision to admit several documents, as well as the judge's decision to allow Vicki Landis, a representative of Chase, testify despite the fact that she was not specifically listed on the pre-trial witness list. The district court did not abuse its discretion, and we affirm. *See City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 936 (9th Cir. 1995).

### B. Standing to Enforce the Lien

"When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer or possession alone until specifically indorsed." Ariz.

Rev. Stat. § 47-3205.  Furthermore, "[t]he transfer of any contract or contracts secured by a trust deed shall operate as a transfer of the security for such contract or contract."  Ariz. Rev. Stat. § 33-817.  WMALT holds the Note, which is indorsed in blank.  Accordingly, WMALT is both the beneficiary of the Note and a secured party.  *In re Weisband*, 427 B.R. 13, 20 n. 5 (Bankr. Ariz. 2010) ("If the Note was endorsed in blank (and the Endorsement was properly affixed to the Note), it would be a bearer instrument and, therefore, enforceable by the party in physical possession.").

## C.  Validity of the Lien

The bankruptcy court properly found that Claimants held a valid lien on the property under the doctrines of equitable subrogation, replacement mortgage, or reformation.   The bankruptcy court properly concluded that the 2006 loan was intended to include a security interest on the Ranch, and any failure to perfect such an interest was due either to mutual mistake or to fraud on behalf of Menken.  In these circumstances, equitable subrogation or replacement mortgage are available. *See Mosher v. Conway*, 45 Ariz. 463, 468 (1935); *See also* Restatement (Third) of Property: Mortgages Section 7.6(a) ("One who fully performs an obligation of another, secured by a mortgage, becomes by subrogation the owner of the obligation and the mortgage to the extent necessary to prevent unjust enrichment");

3

*Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 388–89 (2d Ariz. App. Div. 2011) (finding replacement mortgage available because "[t]he rationale behind the doctrine of replacement is consistent with the rationale and policy considerations for equitable subrogation" and analyzing decisions regarding equitable subrogation in order to determine whether replacement mortgage is available where the second mortgage is obtained by a different debtor).

Nor may VBT avail itself of Section 544(a)(3) of the Bankruptcy Code, which allows a trustee or a debtor to stand in the shoes of a bona fide purchaser of a debtor's property. 11 U.S.C. § 544. Under Arizona law, both the Deed of Trust and the Notice of Trustee's Sale—both recorded in Maricopa County—contained sufficient information to give constructive notice to the debtor of the security interests in the Property evidenced and described in the Deed of Trust. The information contained in the Deed of Trust and the Notice of Trustee's Sale was sufficient to "apprise third parties of the nature and substance of the rights claimed under the deed of trust and therefore imparted constructive notice." *Watson Constr. Co. v. AMFAC Mortg. Corp.*, 124 Ariz. 570, 576 (1st App. Div. 1979) (citations omitted).

**D. Timeliness of Proof of Claim**

Secured creditors are not required to provide a proof of claim in order to preserve their lien. *In re Brawders*, 503 F.3d 856, 867–68 (9th Cir. 2007) ("Absent some action by the representative of the bankruptcy estate, liens ordinarily pass through bankruptcy unaffected, regardless whether the creditor holding that lien ignores the bankruptcy case, or files an unsecured claim when it meant to file a secured claim, or files an untimely claim after the bar date has passed."). Because Claimants are secured creditors, any failure to timely file proofs of claim does not bar them from asserting their interest in the Ranch.

**AFFIRMED**